IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ODIS C. BANKS,<br>  Petitioner, | )<br>)<br>) | |
| v. | ) | No. 3:16-CV-967-L-BF |
| LORIE DAVIS, Director, TDCJ-CID,<br>  Respondent. | )<br>)<br>)<br>) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for aggravated assault with a deadly weapon, enhanced. *State of Texas v. Odis C. Banks*, No. F-1059004-Q (204th Jud. Dist. Ct., Dallas County, Tex., May 11, 2011). Petitioner was sentenced to ninety-nine years in prison.

On July 30, 2013, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Banks v. State*, No. 05-11-01315-CR, (Tex. App. – Dallas 2013, pet. ref'd), 2013 WL 3961165. On October 23, 2013, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review.

Page -1-

On November 8, 2013, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Banks*, Application No. 10,732-03. On March 25, 2015, the Court of Appeals denied the petition without written order on the findings of the trial court following a hearing.

On March 31, 2016, Petitioner filed this federal petition. He argues:

1. Trial counsel was ineffective for failing to advance an available defense;

2. Trial counsel was ineffective for failing to call the only eye witness;

3. Trial counsel was ineffective for failing to "highlight complainant's trial testimony";

4. Trial counsel was ineffective for failing to object on confrontation and hearsay bases to the admission of the Emergency Medical Service ("EMS") report;

5. Trial counsel was ineffective for failing to hold the prosecution to its burden of proof regarding the deadly weapon element.;

6. Trial counsel was ineffective for misleading and manipulating him into pleading true to the State's enhancement allegation;

7. Trial counsel was ineffective for failing to object to State's Exhibit 8 for containing inadmissible hearsay regarding prison misconduct;

8. Trial counsel was infective for failing to object to the admission of a prior criminal judgment.

On August 18, 2016, and June 9, 2017, Respondent filed responses to the petition. On November 16, 2016, and June 22, 2017, Petitioner filed replies. The Court now finds the petition should be denied.

## II. Factual Background

The following factual background is taken from the appellate court's decision.

> On July 31, 2010, Monica Pearson called appellant because her "daughter needed some medicine." At the time, Pearson was in an "open relationship" with appellant in which appellant bought drugs for Pearson in exchange for sex. Appellant picked up Pearson, took her to the "drug house and went to his house." Pearson "did [her] drug and [she and appellant] got intimate." After having sex, Pearson and appellant walked outside and saw a mailman. Pearson was "ready to go," but the mailman wanted to play dominos. Pearson "had a fit because I was ready to go." In the course of her "fit," Pearson took the seat covers off the seats in appellant's car. Appellant got up, got a tree branch from a downed tree, and began hitting Pearson with the branch. Appellant said he would "kill" Pearson and "beat [her] ass." During the assault, which lasted "probably thirty minutes," the mailman was "sitting down, just sitting." Appellant stopped beating Pearson when his cell phone started ringing, and he answered it. Pearson called 911 using her cell phone. Appellant "start[ed] acting normal" and was "ready to take [Pearson] home." Pearson got in the car with appellant because she was "ready to go. It was hot, and [she] was just ready to go home." Appellant and Pearson drove away, but police arrived and pulled appellant over. Police took pictures of Pearson's bruises caused by appellant hitting her with a stick. Pearson's arm, thigh, and calf were swollen, and her pinky was "split." Appellant was subsequently charged with aggravated assault, enhanced with prior aggravated assault and murder convictions. A jury found appellant guilty and sentenced him to life imprisonment.

*Banks v. State*, 2013 WL 3961165 at *1.

## III. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

Page -3-

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## 2. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312

(5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)　Advance Available Defense**

Petitioner claims his counsel failed to "advance an available defense to the offense charged." Petitioner, however, does not explain what available defense his attorney should have raised. Petitioner's conclusory claim should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**(B)　Eye Witness**

Petitioner claims his counsel was ineffective because counsel failed to call an eye witness to the incident. Petitioner states that a mail carrier witnessed the incident and that this witness contacted Petitioner's counsel before trial, but counsel told the witness that his testimony was not needed.

On state habeas review, the court held a hearing on Petitioner's claim. Defense counsel testified that Petitioner did not inform him of the eyewitness. (ECF No. 12-17 at 11, 21-22.) The complainant testified at trial about the mail carrier. Defense counsel stated that because Petitioner did not inform him about the mail carrier, he believed the mail carrier's testimony would likely not benefit the defense, and he did not seek a continuance of the trial to locate the mail carrier. (*Id.* at 32.) The state habeas court found there was no record of the mail carrier's name, there was

no witness statement by the mail carrier, and that it was unknown what testimony the mail carrier could have provided. (ECF No. 12-18 at 127-28.)

In his reply to Respondent's answer, Petitioner submitted new evidence that he claimed was an affidavit from the mail carrier, Ross Collier. (ECF No. 17 at 8.) The affidavit states that to protect himself and his property, Petitioner struck the complainant with a switch. The affidavit also states that Petitioner's attorney told Collier that his testimony was not needed at trial. The affidavit appears to be written by Petitioner, and is signed with the name "Ross Collier."

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. Petitioner did not submit the Collier affidavit to the state court. This Court, therefore, cannot consider the affidavit in determining whether the state court's denial of this claim was unreasonable.

On the record before the state court, Petitioner has failed to show he is entitled to relief. Petitioner failed to present evidence to the state court that Collier would have testified at trial and that his testimony would have been favorable to the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) ("for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial."). This claim should be denied.

**(C)   Highlight Testimony**

Petitioner claims his counsel was ineffective when counsel failed to "highlight" the complainant's testimony. Petitioner fails to state what part of the testimony his counsel should

have highlighted, or how this would have benefitted the defense. Petitioner's conclusory claim should be denied.

### (D) Failure to Object

Petitioner claims his counsel was ineffective when counsel failed to object to certain evidence.

#### (1) EMS Report

Petitioner claims counsel should have objected to the EMS report regarding the complainant's injuries on hearsay and confrontation grounds.

In *Crawford*, the Supreme Court held that the Confrontation Clause bars testimonial statements of a witness who does not appear at trial unless: (1) he was unavailable to testify; and (2) the defendant had a prior opportunity to cross-examine the witness. *Id.* at 59. Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. *Davis v. Washington*, 547 U.S. 813, 822 (2006). Here, the complainant was present and testified at trial. Her statements were also made to EMS workers for the purpose of treating her injuries. Petitioner has failed to show his counsel was ineffective for failing to raise a confrontation objection. Additionally, statements made for the purpose of medical treatment are excluded from the hearsay rule. *See* Tex. R. Evid. 803. This claim should be denied.

#### (2) Prison Misconduct Report

Petitioner claims his counsel was ineffective for failing to raise a hearsay objection when his prison disciplinary records from a prior conviction were admitted into evidence during punishment. The record shows the disciplinary reports contain hearsay. (ECF No. 12-9 at 24-28.)

The reports show Petitioner was disciplined for (1) having dominoes, which were considered contraband; (2) using vulgar or indecent language; (3) not having the bars of his cell clean; (4) not attending a morning class due to illness and failing to obtain a medical lay-in; and (5) refusing to obey orders to grill some meat, stating "I don't cook."

Although Petitioner's counsel failed to object to hearsay evidence, Petitioner must also show that but for counsel's failure to object to this evidence, there is a reasonable probability that his sentence would have been lower. Here, the admitted hearsay involved minor disciplinary infractions. Petitioner has failed to show the required *Strickland* prejudice as to this claim.

(3) Prior Judgment

Petitioner argues his counsel was ineffective for failing to object when the prosecutor admitted a copy of the judgment in Petitioner's prior conviction for aggravated assault during punishment. Petitioner claims the judgment was not certified and could not be attributed to him.

To establish that a defendant has been convicted of a prior offense, the state must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "Texas substantive law does not require that the fact of a prior conviction be proven in any specific manner." *Id.* at 922. The production of a certified judgment is not required to prove a prior criminal record. *Id.* "Any type of evidence, documentary or testimonial, might suffice." *Id.* Since a certified judgment was not required, Petitioner has failed to show his counsel was ineffective for failing to object to the judgment on that basis. Further, the jury determined the judgment was linked to Petitioner, and Petitioner has failed to state a valid objection to the admission of the judgment into evidence.

On state habeas review, the state court specifically determined that "[t]he exhibit is a record from the Dallas County District Clerk's office for the offense of aggravated assault. Banks does not dispute that he was convicted of the offense." (ECF No. 12-18 at 127.) Petitioner's claim should be denied.

(E)     **Deadly Weapon**

Petitioner claims his counsel was ineffective for failing to hold the prosecution to its burden to prove the use of a deadly weapon.

The record shows the complainant was the only witness who testified that Petitioner used a tree branch to hit her. Defense counsel cross-examined the complainant and attempted to impeach her credibility by pointing out her prior conviction for theft, and by eliciting testimony that she used crack cocaine and engaged in prostitution. (Trial Tr. Vol. 4 at 30-32, 35.) On cross-examination the complainant also admitted she was mad at Petitioner prior to the assault, so she tore the seat covers off Petitioner's car. (*Id.* at 36.) Defense counsel also attempted to question the complainant's credibility by arguing the complainant was not afraid of Petitioner and that after she claimed Petitioner assaulted her, she willingly got into Petitioner's car and told him to take her home. In closing arguments, defense counsel questioned the complainant's credibility by showing that on the date of the incident the complainant told police that she did not have sex with Petitioner, but during trial, the complainant said she did have sex with Petitioner in exchange for money. (Id. at 90.) The complainant also testified regarding the nature of her injuries. She admitted that although paramedics arrived, she did not go the hospital for her injuries. (*Id.* at 37.) She testified that she had soreness for about a week, and that an injury to her finger healed in "about a week or two." (*Id.* at 41.)

Officer Stoll testified that the tree limb could be used as a deadly weapon. (*Id.* at 69.) The tree limb was submitted to the jury as evidence. Petitioner does not explain what other argument his counsel should have raised. This claim should be denied.

**(F)    Enhancement**

Petitioner claims his counsel manipulated him into pleading true to the enhancement paragraph. On state habeas review, defense counsel testified that although he did not remember specifically advising Petitioner regarding the enhancement in this case, it was not his normal practice to make a recommendation on this issue. Counsel stated:

> As -- as a rule, I don't recommend them to do anything. I advise them that they can plead true to it; Or it they don't plead true, the State will bring the evidence to prove that it's true and it could be frowned upon by the jury if he denies it being true and it turns out that it is true. But in terms of recommending that he do so, that's not my normal practice.

(ECF No. 12-17 at 14.)

Additionally, the record shows the trial court advised Petitioner he had the right to make the State prove the prior conviction. vol. 5 6-8. Petitioner does not explain how his counsel manipulated him. Petitioner's conclusory claim should be denied.

**3.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## IV.  Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 13 day of September, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).